## James K. Borcia

**Subject:** FW: Activity in Case 1:11-cv-07923 Davis et al v. Packer Engineering, Inc. et al motion to compel

**From:** James K. Borcia
**Sent:** Thursday, March 03, 2016 8:57 AM
**To:** 'Peter L. Currie'
**Subject:** RE: Activity in Case 1:11-cv-07923 Davis et al v. Packer Engineering, Inc. et al motion to compel

I just left you a voicemail call me back

**From:** Peter L. Currie [mailto:plc@fmcolaw.com]
**Sent:** Thursday, March 03, 2016 8:56 AM
**To:** James K. Borcia
**Subject:** Re: Activity in Case 1:11-cv-07923 Davis et al v. Packer Engineering, Inc. et al motion to compel

Jim,
I did the follow the rules, and you did not. You failed to produce the policies in any sort of reasonable timeframe, and ignored my request for a rule 37 conference, and therefore, I had to file a motion. Based on a history of dilatory responses to discovery and production pursuant to Rule 26, and the fact that I've already filed the motion, I would prefer to have a court order with a firm deadline for you to produce the policies. In this regard, Plaintiffs are well within their rights.
Very truly,

Peter Currie, Esq.
Foote, Mielke, Chavez & O'Neil, LLC
10 West State Street
Geneva, IL 60134
Suite 200
(630) 232-7450

55 West Wacker Drive
9th Floor
Chicago, IL 60602
plc@fmcolaw.com

Sent from my iPhone

On Mar 3, 2016, at 8:45 AM, James K. Borcia <JBorcia@tresslerllp.com> wrote:

> I would prefer to follow the rules
>
> When are you available for a Rule 37 conference? I can talk or meet in person any time today
>
> **From:** Peter L. Currie [mailto:plc@fmcolaw.com]
> **Sent:** Thursday, March 03, 2016 8:41 AM
> **To:** James K. Borcia

1

**EXHIBIT 1**

**Subject:** Re: Activity in Case 1:11-cv-07923 Davis et al v. Packer Engineering, Inc. et al motion to compel

James, as you should be aware, the duty to provide insurance policies under Rule 26 is an ongoing duty, irrespective of fact discovery being closed. Moreover, we have complied with the procedural requirements of Rule 37.2. I attempted to set up a Rule 37 conference, and you ignored my request. The motion is likewise not substantively deficient. Rule 26 is the basis, and the motion sets forth as much, citing the specific language upon which your obligation, and our motion is based. You have not produced the EPL policies for years 2007-2009, which are relevant to the claims. Much of the conduct complained of occurred in 2009, including the terminations of two of the Plaintiffs. The 2007-2008 policies are relevant because of the hostile work environment claims, which extend beyond the 300 day filing requirement because they constitute a single employment action. Finally, you have not produced the D&O policies for any of the years, despite the harassment, in part, being perpetrated by directors and officers of the company.
Very truly,

Peter Currie, Esq.
Foote, Mielke, Chavez & O'Neil, LLC
10 West State Street
Geneva, IL 60134
Suite 200
(630) 232-7450

55 West Wacker Drive
9th Floor
Chicago, IL 60602
plc@fmcolaw.com

Sent from my iPhone

On Mar 3, 2016, at 8:26 AM, James K. Borcia <JBorcia@tresslerllp.com> wrote:

> Not only is this motion procedurally improper, it is also substantively improper
>
> You failed to comply with Local Rule 37.2 and the Judge's Discovery Motion Practice
>
> Discovery is closed
>
> Regardless, we have already produced the insurance policy relevant to the claims to this case – the other polices that you seek are not
>
> **From:** usdc_ecf_ilnd@ilnd.uscourts.gov [mailto:usdc_ecf_ilnd@ilnd.uscourts.gov]
> **Sent:** Tuesday, March 01, 2016 1:46 PM
> **To:** ecfmail_ilnd@ilnd.uscourts.gov
> **Subject:** Activity in Case 1:11-cv-07923 Davis et al v. Packer Engineering, Inc. et al motion to compel
>
>
> **This is an automatic e-mail message generated by the CM/ECF system.
> Please DO NOT RESPOND to this e-mail because the mail box is
> unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 6,1

## Notice of Electronic Filing

The following transaction was entered by Currie, Peter on 3/1/2016 at 1:45 PM CST and filed on 3/1/2016

**Case Name:** Davis et al v. Packer Engineering, Inc. et al
**Case Number:** 1:11-cv-07923
**Filer:** Danya Davis
Shannon Webb
Bernessa Wilson

**Document Number:** 104

**Docket Text:**
**MOTION by Plaintiffs Danya Davis, Shannon Webb, Bernessa Wilson to compel (Attachments: # (1) Exhibit A)(Currie, Peter)**


**1:11-cv-07923 Notice has been electronically mailed to:**

Alexios James Dravillas    adravillas@smsm.com, cspencer@smsm.com, lfederer@smsm.com

Craig S. Mielke    csm@fmcolaw.com, ecfdocket@fmcolaw.com, kbo@fmcolaw.com

James Kenneth Borcia    jborcia@tresslerllp.com, chicagodocket@tresslerllp.com, cjohns@tresslerllp.com

Kathleen Currie Chavez    kcc@fmcolaw.com, ecfdocket@fmcolaw.com, lee@fmcolaw.com

Matthew J. Herman    mjh@fmcolaw.com

Peter Lawrence Currie    plc@fmcolaw.com, mh@fmcolaw.com

Robert M. Foote    rmf@fmcolaw.com, ecfdocket@fmcolaw.com

Ryan S Taylor    RTaylor@tresslerllp.com

3