**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANYA DAVIS, SHANNON WEBB and** ) | |
| **BERNESSA WILSON,** ) | **Case No. 11-cv-07923** |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Honorable Judge Andrea R. Wood** |
| **vs.** ) | |
| ) | |
| **PACKER ENGINEERING, INC. and** ) | |
| **PACKER GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST ATTORNEY BORCIA
AND PACKER ENGINEERING, INC.**</u>

Plaintiffs, by and through their undersigned counsel of record, hereby move for sanctions against Defense Counsel, James Borcia ("Borcia") and Defendant, Packer Engineering, Inc. ("Packer Engineering"), and state as follows:

1.      One of the core issues in this case is whether or not Edward Caulfield ("Caulfield"), the former president of Packer Engineering, engaged in sexual harassment of female employees of Packer Engineering.

2.      In fact, Dr. Kenneth Packer ("Dr. Packer") executed a sworn affidavit prior to March 28, 2012 attesting that Caulfield caused "…infliction of emotional distress to the employees…" and engaged in "bullying, disrespectful treatment, belittling, harassment of * * * female employees, improper and disrespectful language and name calling." *See* Dr. Packer Affidavit at ¶¶ 4, 29, attached hereto as Exhibit A.

3.      In short, the affidavit sets forth that Caulfield breached his agreement with Packer Engineering by, among other things, inflicting of emotional distress to Packer Engineering

1

employees, and further bullying and harassing female employees. The affidavit further states that "Caulfield engaged in egregious violations of trust" and committed "perjury and plagiarism." *See* Exhibit A at ¶ 61.

4.     Yet, in this litigation, Packer Engineering has taken the *opposite position* as the Dr. Packer affidavit and adamantly denies that Caulfield contributed to a hostile work environment. *See*, *e.g.* Def's Answer to Complaint (ECF Dkt. #20).

5.     The Dr. Packer affidavit was prepared by or on behalf of Borcia and was filed with the Circuit Court of Cook County on March 28, 2012 in the case of *Caulfield vs. Packer Engineering, Inc.*, case number 2011 CH 12479 in support of a motion for partial summary judgment asserting that Caulfield breached his employment agreement with Packer Engineering.

6.     Shortly thereafter, on or about June 18, 2012, Borcia, on behalf of Packer Engineering, in the litigation pending in this court, responded to Plaintiff Davis's request for production of documents which specifically sought any document "supporting ... allegations of sexual harassment or gender discrimination against Edward M. Caulfield." Simply stated, this request sought documents supporting allegations, made by anybody, of sexual harassment or gender discrimination against Caulfield. *See* Plaintiff Davis First Request for Production at Request No. 11, attached hereto as Exhibit B. The Dr. Packer affidavit is undoubtedly responsive to this request. Packer Engineering's response, signed by Borcia, represented that the company would produce responsive documents.

7.     Moreover, Plaintiff Davis, in her request for production of documents, specifically requested documents "that in any way relate to . . . Plaintiff's complaints/allegations of discrimination, harassment and retaliation, including by not limited to sexual harassment." *See* Exhibit B at Request No. 6. This request sought documents relating to allegations, made

2

specifically by Plaintiff Davis, of discrimination, harassment and retaliation. The Dr. Packer affidavit is undoubtedly responsive to this request. Again, Packer Engineering's response, signed by Borcia, represented that the company would produce responsive documents.

8.      Subsequently, Borcia produced several boxes of documents but failed to produce the affidavit of Dr. Packer.

9.      In preparation for trial on Monday, January 9, 2017, Plaintiffs' counsel discovered the unpublished case of *Caulfield v. Packer Engineering, Inc*., 2015 IL App (1st) 140463-U, ¶ 80 which quotes extensively from the affidavit of Dr. Packer.

10.      Plaintiffs' counsel immediately thereafter requested Borcia to produce the affidavit of Dr. Packer. *See* Counsel Emails attached hereto as Exhibit C.

11.      Borcia has refused to produce the affidavit of Dr. Packer on the basis that "discovery is closed." *See* Exhibit C.

12.      Plaintiffs' counsel has obtained a copy of the affidavit of Dr. Packer from Caulfield's counsel in the Cook County Case.

13.      Plaintiffs now seek sanctions pursuant to Federal Rule of Civil Procedure 37(b) and 37(c). Rule 37(b) provides that a court may order sanctions against a party who fails to obey an order to provide or permit discovery, including an order under Rule 26(f), Rule 35, or Rule 37(a). The sanctions may include prohibiting the disobedient party from introducing specific evidence, striking pleadings, dismissing the action, or rendering a default judgment. *See* Fed.R.Civ.P. 37(b)(2). The court may also impose other appropriate sanctions, including those listed in Rule 37(b)(2)(A)(i)-(iv). *See* Fed.R.Civ.P. 37(c)(1)(C).

14.      It is within this Court discretion to determine whether to sanction a party and the appropriate sanction. *Melendez v. Illinois Bell Tel. Co.,* 79 F.3d 661, 671 (7th Cir.1996). Any

sanction imposed must be "proportionate to the circumstance surrounding the party's failure to comply with discovery rules." *Melendez,* 79 F.3d at 672. When the sanction imposed is dismissal, the Court must find bad faith, willfulness, or fault. *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir.2011).

15.     A court also has the inherent power to assess sanctions for the failure to preserve or produce documents. *Zang v. Alliance Fin. Serv. of Ill., Ltd.,* 875 F.Supp.2d 865, 884, 885 n. 19 (N.D.Ill.2012) (also noting that the analysis under Rule 37 and the court's inherent power is essentially the same). Sanctions are appropriate where (1) the party had a duty to preserve the evidence; (2) the duty was breached; and (3) the other party was harmed by the breach. *Zang,* 875 F.Supp.2d at 885; *see also ChampionsWorld, LLC v. U.S. Soccer Federation,* 276 F.R.D. 577, 582 (N.D.Ill.2011) (noting as a fourth factor that the breaching party's willfulness, fault, or bad faith caused the breach).

16.     Plaintiffs have been severely prejudiced by Borcia's refusal to produce the affidavit of Dr. Packer.  Had Borcia made timely disclosure of the affidavit of Dr. Packer this litigation would have changed in the following material respects:

      a.  Plaintiffs would have conducted additional discovery into the factual assertions in the affidavit, including the deposition of Dr. Packer;

      b.  Plaintiffs would have requested the investigation report, referenced in Dr. Packer's affidavit, that Packer Engineering conducted as a result of Caulfield's conduct;

      c.  Plaintiffs would have submitted the affidavit to the court in support of Plaintiffs' motion for summary judgment;

    d.   The insurance company for Packer Engineering would, in all likelihood, have been inclined to engage in settlement negotiations which Borcia has adamantly refused to do.

## **CONCLUSION**

WHEREFORE, for all the aforementioned reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Sanctions. Further, Plaintiffs respectfully request that this Honorable Court order Attorney Borcia to immediately produce a copy of this Motion for Sanctions, the transcript from the hearing proceedings, and the Court's corresponding Order to the relevant insurance adjuster, and immediately provide the Court and Plaintiffs' counsel with a certificate of service upon the adjuster.

Dated: <u>January 12, 2017</u>          Respectfully submitted,

                                      FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

                                      By: <u>/s/Craig S. Mielke</u>
                                      Craig S. Mielke, Esq.
                                      Peter L. Currie, Esq.
                                      Kevin P. Noll, Esq.
                                      FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                      10 West State Street, Suite #200
                                      Geneva, IL 60134
                                      Phone: (630) 232 7450

                                      *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2017, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR SANCTIONS AGAINST ATTORNEY BORCIA AND PACKER ENGEERING, INC.** with the clerk for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service by electronic means:

James K. Borcia
TRESSLER LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
jborcia@tresslerllp.com

/s/Craig S. Mielke

6