# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANYA DAVIS, SHANNON WEBB and BERNESSA WILSON, | ) ) ) Case No. 11-cv-07923 |
| Plaintiffs, | ) ) |
| v. | ) Honorable Judge Andrea R. Wood ) |
| PACKER ENGINEERING, INC. and PACKER GROUP, INC. | ) ) ) |
| Defendants. | ) ) |

## **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Packer Engineering, Inc. ("Packer Engineering"), by and through its attorneys, Tressler LLP, pursuant to Federal Rule of Civil Procedure 50(a) hereby submits its Motion for Judgment as a Matter of Law.

## **INTRODUCTION**

Plaintiffs have now closed their case. Judgment should be entered in Packer Engineering's favor as Plaintiffs have failed to make out a *prima facie* case.

## **ARGUMENT**

Rule 50 of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a) (motion for judgment as a matter of law), (b) (renewed motion for judgment as a matter of law).

**<u>Plaintiffs Davis and Wilson Have Failed to Establish A Hostile Work Environment</u>**

Title VII is not a "general civility code for the American workplace." *Onacle v. Sundowner Offshore Servs.,* 523 U.S. 75, 80 (1998). Simple teasing, offhand comments and isolated incidents do not amount to a hostile work environment claim under Title VII. *Farragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998). To establish a hostile work environment claim, a plaintiff must establish the following: (1) she was subject to unwelcome harassment; (2) the harassment was based on her gender (3) the harassment was severe or pervasive so as to alter the conditions of the employee's work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability. *Porter v. Erie Foods Int'l*, 576 F.3d 629, 634 (7th Cir. 2009); *Kelly v. Municipal Courts of Marion County, Ind.,* 697 F.3d 902 (7th Cir. 1996). In order to be admissible in a case such as this the evidence must show that the subject actions demonstrated an anti-female animus. *Marotta v. Ford Motor Co.,* 2016 WL 3197425, *5-7 (E.D. Mich. June 9, 2009).

Here Davis and Wilson have failed to meet any of these elements. To determine whether workplace harassment was sufficiently severe or pervasive to be actionable, courts look at "all of the circumstances, including the frequency of the discriminatory conduct, how offensive a reasonable person would deem it to be, whether it is physically threatening or humiliating conduct as opposed to verbal abuse, whether it unreasonably interferes with an employee's work performance, and whether it was directed at the victim." *Lambert v. Peri Formworks Sys.*, 723 F.3d 863, 868 (7th Cir. 2013). Second, an employer "may be found liable for a hostile work environment created by an employee who was not the plaintiff's supervisor only where the plaintiff proves that the employer has been negligent either in discovering or remedying the harassment." *Hrobowski v. Worthington Steel Co.,* 358 F.3d 473, 477 (7th Cir. 2004). Plaintiffs

did not present a supervisor harassment claim. An employer can only be held liable for a hostile work environment created by a plaintiff's coworkers "if it was negligent in discovering or remedying the harassment." *Bombaci v. Journal Cmty. Pub. Grp.,* 482 F.3d 979, 983 (7th Cir. 2007). Here Plaintiffs have failed to establish that Packer Engineering was negligent.

Davis has not established any actions taking place within the statutory period that could support a hostile work environment claim.

Wilson also has failed to do so. Here Plaintiff Wilson has admitted that she did not believe that McKinney knew she was viewing his allegedly viewing pornography and masturbating in his private office and also that the pornography was viewed by a male in the office next to McKinney, Dave Moore ("Moore"). Under these circumstances this evidence is not sufficient to establish a claim. *Fonseca v. Secor Int'l*, 247 Fed.Appx. 53 (9th Cir. 2007) (plaintiff entered Byrd's office unannounced and repeatedly caught him looking at pornography on his computer screen, but admitted that Byrd did not intend for her to see these images does not satisfy objective hostility requirement); *Neal v. Rock-Tenn Co.,* 2005 WL 1939955, *6 (S.D. Ind. Apr. 20, 2005) (defendant's general manager "viewing of pornographic internet sites and emerging from his office with an obvious erection was not directed to [plaintiff]"); *Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 808 (7th Cir. 2001); *McKenzie*, 381 F.3d at 624 ("Title VII is not a general code of workplace civility, nor does it mandate 'admirable behavior' from employers."); *Wyninger v. New Venture Gear,* 361 F.3d 965, 976 (7th Cir. 2004) (employee could not "base a hostile environment claim upon [coworkers'] vulgar language because, at most, they are crude individuals who treated everyone poorly"); *Holman v. State of Indiana*, 211 F.3d 399, 403 (7th Cir.2000) (dismissing claims of husband and wife who alleged that their supervisor sexually harassed both of them by requesting sexual favors). Title VII does not prohibit

inappropriate conduct that is inflicted on both sexes or inflicted regardless of sex. *Berry,* 260 F.3d at 808; *Holman*, 211 F.3d at 403. Therefore, an employer cannot be held liable for a hostile work environment unless the hostility is motivated by gender. *Berry*, 260 F.3d at 809-11 (holding harassment not actionable as sexual harassment under Title VII where plaintiff had no evidence that any harassment was based on her gender). The record supports the fact that Wilson did not believe that McKinney knew that Wilson knew that she could hear or was watching him viewing pornography. In her Affidavit Wilson testified:

> "Today was the day that I was totally fed up with John's behavior. ***Because I truly believe in my heart that John McKinney did not know that we (Jackie and I) could hear him, let alone that I could see him***."

(PEX 20 at 3) (emphasis added). Thus, since Wilson concedes that McKinney did not believe that Wilson could hear him watching pornography or masturbating, this evidence does not show an anti-female animus and cannot support a claim of sexual harassment or hostile work environment. Also, Wilson attests that this conduct occurred with McKinney's door closed, which further indicates that he did not intend for anyone outside, including Wilson, to hear or see what he was doing. (PEX 20 at 1) ("even though John's door is closed"). Further, when Wilson allegedly confronted McKinney about his conduct, Wilson attests:

> "I (sic) waiting until John started masturbating; I walked up to his door and knocked. He held up his hand up in a stop mode for me to wait, ***cleared his computer and then signed me come in***."

(PEX 20 at 3) (emphasis added). After she confronted him, Wilson attests that McKinney "mutes his computer now" (PEX 20 at 4) which further supports that McKinney did not intend for Wilson to see or hear what he was doing. Under these circumstances McKinney's actions do not support a hostile work environment claim. *See Yuknis v. First Student,* 481 F.3d 1144-45 (7th Cir. 2007) (co-worker watched pornography); *Fonseca v. Secor Int'l*, 247 Fed.Appx. 53 (9th Cir. 2007) (plaintiff caught co-employee looking at pornography on his computer screen);

4

*Neal v. Rock-Tenn Co.,* 2005 WL 1939955, *6 (S.D. Ind. Apr. 20, 2005) (defendant's general manager viewed pornographic internet sites and emerged from his office with an obvious erection all of which was seen by plaintiff); *Trent v. ADT Services*, 2013 WL 4512052, *6 (D. Mass. Aug. 22, 2013) (texted plaintiff pornography, flashing breasts at plaintiff and others and speaking at the office about her "sexual escapades" did not support showing of a hostile environment, court holding "[a]lthough the coarse incidents Trent cites may reflect a work environment that was at times unprofessional, no reasonable jury could find that they amount to the type of "severe" or "pervasive" harassment required by Title VII"). As noted by the Seventh Circuit in *Yukins*:

> And what if a male coworker is believed (apparently mistakenly in this case, but that is unimportant) to be watching pornography on his office computer? It wasn't any of the plaintiff's business what the manager was looking at on his computer. It is not as if pornographic pictures were exhibited on the walls of the workplace or emailed to the plaintiff. (citations omitted). The relation between the manager's watching pornography on his own screen and the plaintiff's working environment was almost as attenuated as if she had learned that he watches pornography on his computer at home.

*Yukins*, 481 F.3d 1144-45.

Wilson's testimony also supports that this evidence cannot support Wilson's claim because the subject conduct is not gender related given that Moore heard and saw the same thing as Wilson. Moore is a male. The fact that Moore refused to confront McKinney about these issues does not support any anti-female animus.

Finally, the United States Supreme Court has held that adults have a constitutional right to view pornography as long as it does not meet the legal definition of obscenity and does not involve children. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Here Plaintiffs have failed to submit any evidence that the pornography that McKinney was allegedly viewing failed this criteria.

5

### **Plaintiffs Davis and Wilson Have Failed to Establish Gender Discrimination**

To establish a *prima facie* case of gender discrimination under Title VII, a female plaintiff must demonstrate that (1) she is a member of a protected class, (2) she was performing her job to her employer's legitimate expectations, (3) in spite of her meeting the legitimate expectations of her employer, she suffered an adverse employment action, and (4) she was treated less favorably than similarly situated male employees. *Markel v. Bd. of Regents of the Univ. of Wisconsin Sys.,* 276 F.3d 906, 911 (7th Cir. 2002); *Swoope v. Gary Community School*, 2016 WL 1696344 (N.D. Ind. Apr. 28, 2016). Plaintiffs Davis and Wilson have failed to meet these elements.

### **Plaintiffs Have Failed to Establish Retaliation**

To prove a Title VII retaliation claim at trial, a plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) there was an adverse action taken by the defendant; and (3) there was a causal connection between the protected activity and the adverse action. *Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 728 (7th Cir. 2003). A causal link may be proved by showing that the "protected conduct was a substantial or motivating factor in the employer's decision," and need not amount to a "but-for factor or to the only fact, but is rather a factor that motivated the defendant's actions." *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005).

Here Plaintiffs have failed to show that a rational jury could find in their favor on their retaliation claim. Even assuming that Plaintiffs could meet their *prima facie* case, Defendant has established a legitimate non-discriminatory reason for their termination, *i.e.* that Plaintiffs were laid off for financial reason. *Moten v. Warren Unilube, Inc.,* 448 Fed.Appx. 647 (8th Cir. 2012); *Davenport v. Northrup Grumman Systems Corp.,* 281 Fed.Appx. 588 (7th Cir. 2008); *Moss v. Ameritech Services,* 166 Fed. Appx. 849 (7th Cir. 2006). Accordingly, Plaintiffs must prove

pretext. *Id.*; *Flowers v. Goldman, Sachs & Co.,* 865 F.Supp. 453 (N.D. Ill. 1994). To establish pretext, Plaintiffs must prove that Defendants were motivated by a discriminatory reason, or that Defendants' proffered reason is "unworthy of credence, in other words, a lie." *Martin v. Potter*, 2007 U.S. Dist. LEXIS 65026, *27 (N.D. Ind. Aug. 30, 2007). Plaintiffs must do more than simply show that Defendants erred or exercised poor business judgment -- they must show that Defendants actually did not believe the reasons provided for terminating their employment. *Ritter v. Hill 'n Dale Farm, Inc.,* 231 F.3d 1039, 1044 (7th Cir. 2000). Plaintiffs' "burden to establish pretext is a difficult one to meet." *Steeno v. Wabash Nat. Trailers Centers,* 822 F.Supp.2d 855, 864 (N.D. Ind. 2011), *citing Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120 (7th Cir. 1994). This is because the court does not sit as a "super-personnel department," weighing the wisdom of a company's employment decisions; rather, it is concerned only with whether the employer's proffered explanation was honest. *O'Regan v. Arbitration Forums,* 246 F.3d 975, 984 (7th Cir. 2001). If the reasons given are in fact the employer's actual reasons for taking the adverse actions, the court will not second-guess the employer's decision. In *Guerrero v. Ashcroft*, 253 F.3d 309, 314 (7th Cir. 2001), the court noted that:

> we are not a supervising personnel board and we may not punish an employer for choices that constitute business decisions alone, no matter how wise or mistaken they seem to us.

If the employer honestly believed in the non-discriminatory reasons that it offered for the adverse employment decision, even if the reasons are foolish, trivial, or baseless, the plaintiff cannot win and judgment should be granted against her. *See Bell v. EPA*, 232 F.3d 546 (7th Cir. 2000); *Stewart v. Henderson*, 207 F.3d 374 (7th Cir. 2000); *Hartley v. Wisconsin Bell*, 124 F.3d 887, 890 (7th Cir. 1997). Courts have long held that a plaintiff's mere subjective belief or feeling that she is being discriminated against is insufficient to create an issue of material fact and therefore, insufficient. *See McMillian v. Svetanoff*, 878 F.2d 186 (7th Cir.1989).

Here there is no evidence that Defendant did not honestly believe that Plaintiffs should be terminated because of Defendant's financial condition. *Elkhaith v. Dunkin Donuts, Inc.,* 493 F.3d 827, 829 (7th Cir. 2007) (employee must show the employer's decision was based on a prohibited animus). In the final analysis, Plaintiffs have failed to prove pretext for the same reasons that they are unable to prove a causal connection, as outlined above. Accordingly, their claims must fail.

Plaintiffs have admitted that Defendant had a legitimate non-discriminatory reason for their termination, *i.e.* that Plaintiffs were laid off for financial reasons. Accordingly, Plaintiffs claim also fails under the indirect method. *Moten v. Warren Unilube, Inc.,* 448 Fed.Appx. 647 (8th Cir. 2012); *Davenport v. Northrup Grumman Systems Corp.,* 281 Fed.Appx. 588 (7th Cir. 2008); *Moss v. Ameritech Services,* 166 Fed. Appx. 849 (7th Cir. 2006). In fact, Davis admits that not only was she aware of Defendant's financial issues, she was part of the group that decided that layoffs were necessary. The fact that it was ultimately decided that she would be one of the employees laid off does not in any way give rise to a claim.

Contrary to Plaintiffs' assertion, Defendant has submitted unrefuted evidence of Defendant's poor financial condition that led to Plaintiffs' employment being terminated. Plaintiffs have in fact admitted that this poor financial condition was the reason for their termination.

As for Plaintiff Wilson, Plaintiffs have failed to establish that she had been promised any promotion. Even if she had, Packer Engineering's financial malaise explains why she did not receive the promotion that she claims was promised.

As for Plaintiff Webb, Plaintiff's attempt to compare his situation with Patrick Ferrell, who was senior to Webb, is unsupported and fails to present any admissible evidence to support his conclusory assertions.

## **Plaintiffs Have Failed to Prove Emotional Distress**

To recover emotional distress damages under Title VII, a plaintiff must offer evidence of "concrete emotional problems." *Annis v. County of Westchester*, 136 F.3d 239 (2d Cir. 1998) (vacating a compensatory damages award in a sexual harassment case under 42 U.S.C. § 1983 because the plaintiff had not "alleged any physical manifestations of her emotional distress," and although she testified to seeking counseling, she introduced no evidence to corroborate that claim.); *Ortiz–Del Valle v. Nat'l Basketball Ass'n*, 42 F.Supp.2d 334, 341 (S.D.N.Y. 1999) (following *Annis* rejecting, as matter of law, damages for emotional distress in Title VII gender discrimination case where plaintiff's own testimony was only evidence of distress and plaintiff alleged no physical manifestations). In *Merriweather v. Family Dollar Stores of Indiana,* 103 F.3d 576 (7th Cir. 1996), the Seventh Circuit held that a plaintiff's testimony about emotional distress was sufficient to support an award for nonpecuniary loss where plaintiff submitted counseling records which supported her claim that the discharge and subsequent inability to find work caused her emotional problems.

## CONCLUSION

WHEREFORE, Defendant, Packer Engineering, Inc. respectfully requests that this Court grant its Motion for Judgment as a Matter of Law.

>                          PACKER ENGINEERING, INC.
>
>
>                          By:    /s/ James K. Borcia
>                                 One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000