JKB/cmj/684974                                                                                                                                        2246-650

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANYA DAVIS, SHANNON WEBB and BERNESSA WILSON, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case No. 11-cv-07923 |
| | ) |
| PACKER ENGINEERING, INC. and PACKER GROUP, INC. | ) Honorable Judge Andrea R. Wood ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO REDUCE JURY VERDICT
## BASED ON TITLE VII STATUTORY DAMAGES CAP

Defendant, Packer Engineering, Inc. ("Packer Engineering"), by and through its attorneys, Tressler LLP, pursuant to 42 U.S.C. § 1981a(b)(3)(A) hereby moves the Court to reduce the jury's verdict in favor of Plaintiffs Danya Davis ("Davis") and Bernessa Wilson ("Wilson") on their claims for Title VII hostile work environment harassment to $50,000 each based on the applicable Title VII statutory damages cap for an employer the size of Packer Engineering.[1]

### INTRODUCTION

Packer Engineering brings this Motion to reduce the jury's verdict in favor of Davis and Wilson on their Title VII hostile work environment harassment claim to bring it into compliance with the compensatory and punitive damages cap provided under 42 U.S.C. § 1981a(b)(3)(A). Because Packer Engineering had fewer than 101 employees during the relevant time period, the

---

[1] By this Motion Packer Engineering does not waive any of the arguments that it may make for judgment as a matter of law, judgment notwithstanding the verdict, motion a new trial, or for any other post-judgment remedy. As the Federal Rules of Civil Procedure provide, these are among the motions available to Packer Engineering post-judgment.

$50,000 total compensatory and punitive damages cap provided under 42 U.S.C. § 1981a(b)(3)(A) applies, and the jury's verdict should be reduced to that amount.

## FACTS

### JURY VERDICT

On February 2, 2017, the jury returned a verdict in favor of Packer Engineering on Davis and Wilson's claims for retaliation and in favor of Davis and Wilson on their claims for Title VII hostile work environment harassment. (ECF 198). The jury awarded Davis $150,000 in compensatory damages and $3,000,000 in punitive damages on her claim for Title VII hostile work environment harassment, and awarded Wilson $300,000 in compensatory damages and $3,000,000 in punitive damages on her claim for Title VII hostile work environment harassment. The Court deferred entry of judgment under Federal Rule of Civil Procedure 58 pending consideration of damages issues.

### PACKER ENGINEERING HAD FEWER THAN 101 EMPLOYEES AT ALL RELEVANT TIMES

Packer Engineering had fewer than 101 employees during 2008 and 2009. This is consistent with the evidence at trial, specifically the testimony of Charlotte Sartain. Attached hereto as Exhibit A is Ms. Sartain's Affidavit confirming and supporting this fact.

## ARGUMENT

**A.   THE COURT IS REQUIRED TO REDUCE THE JURY VERDICT TO $50,000 FOR BOTH DAVIS AND WILSON**

    **1.   DAMAGES CAP**

Compensatory and punitive damage awards under Title VII are governed by 42 U.S.C. § 1981a. Section 1981a(b)(3) provides a specific cap on the total amount of compensatory and punitive damages that may be awarded to an individual plaintiff in a given lawsuit for discrimination, harassment and retaliation. It provides:

> The sum of the amount of compensatory damages awarded ... for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and the amount of punitive damages awarded under this Section, shall not exceed, for each complaining party -
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and
> (C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and
> (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

42 U.S.C. § 1981a(b)(3).

The damages caps under 42 U.S.C. § 1981a are intended to keep damages awards under reasonable control. *Hennessy v. Penril Datacomm Networks,* 69 F.3d 1344, 1355 (7th Cir. 1995) ("When Congress permitted, for the first time, awards of compensatory and punitive damages in Title VII cases, it was concerned with keeping those damages under reasonable control. It did not want Title VII awards, especially of punitive damages, to be excessive as they can be in other areas of the law."); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) (regarding damages available under Title VII, "Congress carefully limited the amount recoverable in any individual case, calibrating the maximum recovery to the size of the employer."). These limits under Title VII apply per plaintiff per suit, rather than per claim. *See Smith v. Chicago Sch. Reform Bd. of Trs*, 165 F.3d 1142, 1150 (7th Cir. 1999). "Compensatory and punitive damages together must comply with the § 1981a caps." *U.S. E.E.O.C v. Custom Companies*, 2007 WL 734395, *8 (N.D. Ill. Mar. 8, 2007); *Krahel v. Owens-Brockway Glass Container*, 971 F.Supp. 440, 455 (D. Or. 1997) (cap relates to compensatory and punitive damages combined).

In *Hathaway v. New Dimension Center for Cosmetic Surgery*, 2006 WL 1594060, *1 (N.D. Ill. Jun. 6, 2006), the Court applied the $50,000 damages cap under 42 U.S.C. § 1981a(b)(3)(A) to an employer of more than fourteen and less than 101 employees. In that case, the jury returned a verdict in favor of the plaintiff on a Title VII claim, and awarded plaintiff $100,000 in compensatory damages and $700,000 for punitive damages. *Id.* at *1. The parties agreed that defendant had between 14 and 101 employees, and therefore the court reduced the jury's verdict from $800,000 in compensatory damages subject to the damages cap and punitive damages to $50,000. *Id.* ("a prevailing plaintiff may only recover $50,000 total in punitive damages and compensatory damages that fall under 42 U.S.C. § 1981a(b)(3) from employers of more than fourteen and less than 101 employees."); *see also Lampley v. Onyx Acceptance*, 340 F.3d 478, 480 (7th Cir. 2003) (affirming judgment where district court reduced by $45,000 plaintiff's jury award of $345,000 in compensatory and punitive damages to comply with the statutory cap of $300,000 in Title VII case); *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 751-56 (7th Cir. 2002) (affirming judgment where district court reduced plaintiff's combined $3,506,000 jury award for compensatory and punitive damages to $300,000 in order to comply with the applicable statutory cap of $300,000); *Emmel v. Coca-Cola Bottling Co. of Chicago,* 95 F.3d 627, 628 (7th Cir. 1996) (affirming judgment in Title VII case where district court reduced punitive damages award to $292,675 so that the total compensatory and punitive damages award did not exceed the applicable $300,000 statutory cap).

The time period relevant to determining punitive damage caps is the year in which the violations occurred, and the preceding year. *Mendez v. Perla Dental*, 2008 WL 821882, *3 (N.D.Ill. Mar. 26, 2008). Here Davis and Wilson alleged that the violations occurred in 2009. Thus, the relevant time period for the caps analysis in this case is 2009 and 2008. Packer

Engineering had fewer than 101 employees during that time period. (Exhibit A). Section 1981a(b)(3)(A) thus limits Davis and Wilson's total damages to $50,000 for employers of Packer Engineering's size of more than 14 and fewer than 101 employees. 42 U.S.C. § 1981a(b)(3)(A). As a result, the jury's verdict in Davis and Wilson's claims for Title VII hostile work environment harassment should be reduced to $50,000.

**B.    THE COMPENSATORY AND PUNITIVE DAMAGES SHOULD BE REDUCED PRO RATA**

The statute provides no command as to how a district court is to conform a jury award to the statutory cap. *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 441 (7th Cir. 1997). Thus, this issue is left to the Court's discretion. Many courts have reduced each award on a pro rata basis, while other courts have chosen the reduce the compensatory or punitive award to a greater extent. *Compare Kimbrough v. Loma Linda Development*, 183 F.3d 782 (8th Cir. 1999) (approving pro rata reduction); *Hines v. Grand Casino*, 358 F.Supp.2d 533, 548 (W.D. La. 2005) (reducing compensatory and punitive damages on a pro rata basis); *Jefferson v. Milvets Sys. Tech.,* 986 F.Supp. 6, 12 (D.D.C. 1997) (reducing punitive and compensatory damages on a pro rata basis); *with Mendez,* 2008 WL 821882, *5 (reducing punitive damages award and leaving compensatory damages award intact); *Jonasson*, 115 F.3d at 441 (affirming district court reducing award of $200,000 compensatory damages to $100,000 but leaving undisturbed the award of $100,000 in punitive damages).

Here a pro rata allocation would be in line with the Seventh Circuit's decision in *Jonasson,* where the court noted "its great respect for jury decisions," and took action to preserve the jury's determination that the judgment of the court ought to reflect the award of both punitive and compensatory damages. *Jonasson,* 115 F.3d at 441. A pro rata allocation would also "reflect the jury's intention to award both compensatory and punitive damages." *Baty v. Wiliamette Indus.*, 985 F.Supp. 987, 998 (D. Kan. 1997). Plaintiffs' counsel emphasized in

5

closing arguments this is a landmark case for women's rights that could only be vindicated by sending a message with punitive damages. Also, after the jury's verdict Plaintiffs' counsel solicited an article that was published by a legal journal about the case representing:

> As a female attorney and the mother of four daughters, I view the verdict in this case as a 'win' for all women," Chavez said in an email. "In awarding $6 million in punitive damages…the jury sent a very strong message to all employers that sexual harassment and sexually hostile work environments will not be tolerated. We hope the verdicts in this case will deter others from similar conduct and help promote safe, harassment-free working environments for women….this is a very important case which sends a message to everyone that Title VII matters, has teeth and non-compliance could cost you significantly

(Exhibit B). Consequently, this Court should reduce the respective awards to Davis and Wilson pro rata as follows:

**Davis**
| | |
|---|---|
| Punitive Damages: | $47,500 |
| Compensatory Damages: | $ 2,500 |
| Total Damages | $50,000 |

**Wilson**
| | |
|---|---|
| Punitive Damages: | $45,000 |
| Compensatory Damages: | $ 5,000 |
| Total Damages | $50,000 |

## **CONCLUSION**

WHEREFORE, Defendant, Packer Engineering, Inc. respectfully requests that this Court enter an order:

a. Applying the damages cap under 42 U.S.C. § 1981a(b)(3)(A) to reduce the jury verdict in favor of Davis and Wilson on their claims for Title VII hostile work environment harassment to $50,000, with Davis being awarded punitive damages of $47,500 and compensatory damages of $2,500 and Wilson being awarded punitive damages of $45,000 and compensatory damages of $5,000; and

b. Providing such other relief deemed to be appropriate.

PACKER ENGINEERING, INC.

By:    /s/ James K. Borcia
       One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000